# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ADVANCED PORTFORLIO TECHNOLOGIES, INC.,**

  **Movant,**

**v.**               Case No. 06-MISC-065

**ALVIN STROYNY,**

  **Respondent.**

## DECISION AND ORDER

Advanced Portfolio Technologies, Inc. ("APT") filed a motion to enforce a subpoena that this Court issued to Alvin Stroyny ("Stroyny"). In response, Stroyny filed a motion to quash the subpoena.

The subpoena arose out of *Advanced Portfolio Technologies, Inc. v. Advanced Portfolio Technologies Ltd.*, *et al.*, 04-Civ-5620, that was decided in the Southern District of New York. The plaintiff in that case is the movant in this action, namely APT. On April 18, 2000, the Southern District of New York entered default judgment in favor of APT and against the defendants, including defendant EM Applications. The default judgment enjoined EM Applications from marketing and selling products that were developed from APT's protected intellectual property. The default judgment also awarded monetary damages that have allegedly not yet been satisfied.

Subsequently, APT has reason to believe that EM Applications is not complying with the injunction by marketing material to a potential customer in the United States describing products developed from APT's intellectual property. As a result, APT obtained a subpoena on March 23, 2006, to conduct discovery on EM Applications's Chairman, Alvin Stroyny. The subpoena was served on Stroyny on March 29, 2006. The subpoena commanded Stroyny to for inspection on April 14, 2006, three categories of documents relating to EM Applications and its activities in the United States, specifically:

1. All documents relating to EM Applications, Ltd.

2. All documents identifying the officers, directors or managing agents of EM Applications, Ltd.

3. All documents relating to any and all activities of EM Applications, Ltd. in the United States.

(Ex. A to Subpoena, Ex. 1 at 4.)

The subpoena also commanded Stroyny to appear for deposition on April 20, 2006.

Stroyny did not comply with the commands of the subpoena. Instead, his counsel sent a letter on April 11, 2006, to Paul Bargren, an attorney at Foley & Lardner, LLP, where the deposition was to take place. In that letter, his attorney stated that Stroyny "will not be appearing on the scheduled dates," and asked on what authority the subpoena was based. (Bargren Decl. ¶ 3, Ex. 7.) APT's counsel, Jim Webb, replied in a letter dated April 17, 2006, offering to arrange alternate dates. (Webb Decl. ¶ 15, Ex. 6.) Nevertheless, Stroyny never appeared for a deposition nor produced any responsive documents.

On October 5, 10, and 11, 2006, Paul Bargren communicated with Stroyny's counsel in an effort to resolve the differences arising from the subpoena, but they were not able to reach a resolution. Accordingly, on October 11, 2006, APT filed this action as a motion to enforce the subpoena and to hold Stroyny in contempt. In response, on November 1, 2006, Stroyny filed a motion to quash the subpoena. In support of his motion to quash, Stroyny argues that APT did not make a sufficient showing for why discovery was necessary, and that the subpoena did not specify how his deposition testimony was going to be recorded.

Stroyny's motion to quash is not timely. Rule 45 of the Federal Rules of Civil Procedure permits a court to quash a subpoena "[o]n timely motion." Fed. R. Civ. P. 45(c)(3)(A). In general courts have read "timely" to mean within the time set in the subpoena for compliance. *See United States ex. rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F.Supp.2d 270, 278 (D.D.C. 2002) (holding that a motion to quash made 10 months after the return date of the subpoena is untimely); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (stating that "it is reasonable to assume that the motion to quash should be brought before the noticed dates of the scheduled deposition."); *Merch. Antitrust Litig.*, 186 F.R.D. 344, 350 (W.D. Va. 1999) (a motion to quash filed 36 days after corporate representatives became aware of subpoena and two months after it was due is untimely). In the instant action, the subpoena was served on March 29, 2006, and demanded production of certain documents by April 14, 2006, and a deposition on April 20, 2006. Yet, it was not until November 1, 2006, in response to APT's motion to enforce the subpoena, did Stroyny move to quash. Under no stretch of the imagination is a motion made

over 6 months after the time set in the subpoena for compliance "timely." Accordingly, the Court cannot grant Stroyny's motion to quash.

Stroyny is not free to ignore a subpoena issued from this Court. He shall provide all of the documents that he is commanded to provide in the subpoena, and appear for a deposition, no later than January 31, 2007. If he fails to comply with this Court's order, he will be held in contempt of court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

APT's Motion to Enforce Subpoena (Docket No. 1) is **GRANTED**. Stroyny must provide all the documents he is commanded to provide in the subpoena, and appear for a deposition, no later than **January 31, 2007**.

Stroyny's Motion to Quash (Docket No. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of December, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**